UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **AVALON PRECISION CASTING CO.,** | ) | **CASE NO.1:04CV2292** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| Vs. | ) | |
| | ) | |
| **THE INDUSTRIAL COMMISSION OF OHIO, ET AL.,** | ) | **ORDER** |
| | ) | |
| **Defendants.** | ) | |

### CHRISTOPHER A. BOYKO, J:

This matter is before the Court on Plaintiff's Motion to Strike the affidavit of Sally Walters. For the following reasons, the Court grants, in part, and denies, in part, Plaintiff's Motion.

Defendants' Motion for Summary Judgment was supported, in part, by the affidavit of Sally Walters, Supervising Attorney of the Cleveland Law Section with the Ohio Bureau of Workers' Compensation. She alleges she is in charge of maintaining the workers' compensation files and records in the Cleveland office and is the person in charge of the claim file of Johnnie Edwards, the injured claimant. Her affidavit references documents attached as exhibits from Mr. Edwards' claim file.

Plaintiff seeks to strike Ms. Walters' affidavit on the following grounds: (1) it does not aver to be based on personal knowledge; (2) it contains opinion testimony; (3) she is not the custodian of the records; (4) they are unsupported by adequate evidentiary basis; and (5) she never alleges she "saw" the original documents, as the BWC claim file system is a paperless system.

First, Federal Rule of Civil Procedure does not require the affidavit state specifically "it is made on personal knowledge". Rather it merely requires the affidavit "be made on personal knowledge". Sally Walters affidavit avers she is in charge of Edwards claim file and is responsible for maintaining the records and files. Furthermore, she attests the attached exhibits are the official documents of Edwards claim file that have been electronically imaged. Each exhibit is averred as "a true and accurate copy". Finally, Walters attests her averments are based on "a review of the file."

Second, Federal Rule of Evidence 901(b)(7) permits authentication by evidence that a "writing authorized by law to be recorded or filed and in fact recorded or filed in a public office, or a purported public record, report, statement, or data compilation, in any form, is from the public office where items of this nature are kept." As Walters affidavit attests, these are public records contained in Edwards' claim file of which she is charged with maintaining.

Tellingly, Plaintiff does not offer competing evidence that the records cited are not true and accurate copies. Plaintiff's counsel contends he had a different case wherein the BWC admitted not all filings are copied and made part of the claim file. However, this is not the same as saying the documents cited by Walters are inaccurate. Furthermore, Walters avers that Plaintiff repeatedly failed to take advantage of the challenges available to it at the workers' compensation claim. She notes that documents reflecting challenges to physician reports are

noticeably absent from the claim file.  In her position and upon her review of the file, she is permitted by law to offer this evidence.

Insofar as Sally Walters' affidavit attempts to offer opinion testimony that such challenges were not actually made, the Court does strike those offending portions of her affidavit.  However, when she uses the phrase, "from a review of the file, Avalon Precision Casting did not appeal this Order" the Court construes this and similar statements to mean there is no evidence in the file that Avalon appealed.   This reading of affiants' statements is made upon personal knowledge of the file and her review of the file and limits her testimony to what she has observed in her review of the file.

Therefore, Sally Walters affidavit will not be stricken insofar as it avers facts within her personal knowledge and observation.

IT IS SO ORDERED.


November 14, 2006              s/Christopher A. Boyko
Date                           CHRISTOPHER A. BOYKO
                               United States District Judge