UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| AVALON PRECISION CASTING CO., | ) | CASE NO. 1:04CV2292 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| Vs. | ) | |
| | ) | |
| THE INDUSTRIAL COMMISSION OF | ) | OPINION AND ORDER |
| OHIO, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Defendants' the Industrial Commission of Ohio, Robin Nash, William Thompson, Patrick Gannon, Donna Owens, James Conrad, and the Ohio Bureau of Workers' Compensation Motion for Summary Judgment(ECF Dkt#27) and Plaintiff's Motion for Partial Summary Judgment(ECF Dkt#24). For the following reasons, the Court grants Defendants' Motion for Summary Judgment and denies Plaintiff's Motion for Partial Summary Judgment.

## **FACTS**

Plaintiff Avalon Precision Casting Co. ("Avalon") is an Ohio corporation that

1

manufactures metal castings. It has over forty employees and is a participant in Ohio Workers' Compensation program. On March 21, 2001, Defendant Johnnie Edwards, an employee of Avalon, was injured when a tow motor carrying a load in its forks struck a parts pan lying on the floor, which then struck Edwards' right foot and leg. As a result, Edwards sustained a knee sprain. Edwards filed a workers' compensation claim with the Ohio Bureau of Workers' Compensation ("BWC") and his claim was allowed for a torn meniscus. He received temporary total disability and permanent partial disability compensation from the workers' compensation fund. About seven months later, Edwards filed a claim for violation of a safety regulation (VSSR), alleging his injuries were proximately caused by his employers' failure to provide the requisite warning devices on the tow motor, in violation of OAC 4121:1-5-13(C)(7)[1]. Edwards received a VSSR award because Plaintiffs' towmotor's horn was inoperable and it had no visual warning device, in violation of Ohio Administrative Code (OAC) Section 4121:1-5-13(C)(7). The Industrial Commission determined the Plaintiffs' violation of the applicable safety regulation was the proximate cause of Edwards' injury. Plaintiff did not challenge the decision in state court, but instead, filed this action in federal court.

Plaintiff challenges the VSSR award alleging Ohio has not received permission from the United States Secretary of Labor to promulgate its own regulations as Ohio is governed by the federal Occupational Safety and Health Act (OSH Act) and therefore, the federal OSH Act applies. The federal act only requires a motor vehicle operator sound its horn at "cross aisles and other locations where vision is obstructed". See 29 C.F.R. §1910.178(n)(4) ("the driver shall be required to slow down and sound the horn at cross aisles and other locations where vision is

---

[1] The OAC section number in question was renumbered on November 11, 2003, changing the applicable section number from 4121:1-5-13(C)(7) to 4123:1-5-13(C)(7).

obstructed.") See also Ohio Admin. Code 4121:1-5-13(C)(7) ("All motor vehicles operating within the confines of the owner's property shall be equipped with an audible or visual warning device, in operable condition, activated at the operator's station.")  Plaintiff contends the federal rule was promulgated nearly six years prior to Ohio's promulgation of its own rule.  Plaintiff further argues because the federal rule did not require the tow motor operator sound his horn in circumstances similar to the one leading to Edwards injury, Plaintiff was under no duty to sound its horn and no VSSR violation occurred. The Industrial Commission heard the complaint and determined Plaintiff violated the OAC and imposed a VSSR penalty on Plaintiff.  The hearing officer rejected Plaintiff's preemption argument, citing the authority of the Ohio State Supreme Court case of *State ex rel. Kroger v. Industrial Commission,* (1980) 62 Ohio St.2d 4.  The Industrial Commission denied Plaintiff's motion for rehearing.  The BWC issued payments totaling $3,310.72 to Edwards for the VSSR violation, pursuant to the Ohio Constitution.  This amount was calculated by awarding fifteen percent penalty factor and the number of weeks Edwards was awarded temporary total and permanent total disability under his workers compensation claim.  The BWC then demanded reimbursement of the VSSR penalty from Plaintiff with a warning that failure to pay may result in the BWC's stripping Plaintiff's state fund insurance coverage.

## STANDARD OF REVIEW

In accordance with Federal Rule of Civil Procedure 56(c), summary judgment is appropriate when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *LaPointe v. United Autoworkers Local 600*, 8 F.3d 376, 378 (6th Cir. 1993).  The burden of showing the

absence of any such genuine issues of material facts rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrates the absence of a genuine issue of material fact.

*Celotex*, 477 U.S. at 323. A fact is material only if its resolution might affect the outcome of the lawsuit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Once the moving party has satisfied its burden of proof, the burden then shifts to the nonmoving party pursuant to Federal Rule of Civil Procedure 56(e), which provides:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

In ruling upon the motion, the court must afford all reasonable inferences and construe the evidence in the light most favorable to the nonmoving party. *Cox v. Kentucky Dept. of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995); *United States v. Hodges X-Ray, Inc.*, 759 F.2d 557, 562 (6th Cir. 1985). However, summary judgment should be granted if the party bearing the burden of proof at trial does not establish an essential element of its case. *Tolton v. American Biodyne, Inc.*, 48 F.3d 937, 941 (6th Cir. 1995) (citing *Celotex*, 477 U.S. 317). Furthermore, this Court is not required "to search the entire record to establish that it is bereft of a genuine issue of material fact." *Betkerur v. Aultman Hospital Ass'n.,* 78 F.3d 1079, 1087 (6th Circ. 1996). "Rather, the burden falls on the non-moving party to designate specific facts or evidence in

dispute." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249-250 (1986).

## ANALYSIS

Issue #1  **Is *Ohio's VSSR a separate statutory scheme from its Workers' Compensation scheme and therefore, preempted by the Federal OSH Act?***

Plaintiff contends Ohio's VSSR regulations are a penalty scheme separate and distinct from Ohio's Workers' Compensation scheme and violates restrictions imposed by the Supremacy Clause of the United States Constitution and 29 U.S.C. §667 (OSH Act). This distinction is important because the federal OSH Act preempts state workplace safety regulations in states that have not obtained permission from the Secretary of Labor to promulgate their own safety regulations. See 29 U.S.C. §667. No one disputes Ohio has not obtained such permission. However, the OSH Act clearly carves out an exception for state workers' compensation regulations. 29 U.S.C. 653(b)(4) states in pertinent part:

> Nothing in this chapter shall be construed to supersede or in any manner affect any workmen's compensation law or to enlarge or diminish or affect in any other manner the common law or statutory rights, duties, or liabilities of employers and employees under any law with respect to injuries, diseases, or death of employees arising out of, or in the course of, employment.

Therefore, if Ohio's VSSR is considered a part of Ohio's workers' compensation statutory scheme, it is exempt from OSH Act preemption. The legal authorization for Ohio's workers' compensation system is found in the Ohio Constitution Art II. §35; also the authority for Ohio's VSSR scheme. Notably, both are found under the heading "Workers' Compensation."

The Supremacy Clause of the United States Constitution is found in Article VI and states: " [t]his Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States,

shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding."

In *State ex rel. Kroger Co. v. Industrial Commission of Ohio*, (1980) 62 Ohio St. 2d 4, the Ohio Supreme Court addressed the issue of federal OSH Act preempting Ohio's VSSR. The Ohio Supreme Court held the VSSR requirements "have not been preempted by federal law." *Id.* at 6. The Court examined the Ohio Workers' Compensation scheme and Ohio's VSSR and found, "the additional awards for violations of the specific safety requirements are an integral part of Ohio's workers' compensation scheme." *Id.* The Court reasoned, " [w]hile awards for violations of specific safety requirements are penal insofar as they affect employers, they are compensatory insofar as the employee is concerned." *Id.* citing *State ex rel. Emmich v. Indus. Comm.,* (1947) 148 Ohio St. 658, para. 3 of the syllabus.

Plaintiff contends the Ohio Supreme Court has abandoned its position that the VSSR is compensatory insofar as the employee is concerned and now regards the VSSR as strictly a penalty against the employer. In *State ex rel. Carder v. Industrial Comm.* (2002) 94 Ohio St.3d 165, 166, the Ohio Supreme Court held, "because an award for a violation of a specific safety requirement is a penalty against the employer, all reasonable doubts regarding the applicability of the requirement must be resolved in the employer's favor." *Carder* is a short, two page opinion dealing with an employee seeking a VSSR award for injuries sustained when he fell through a skylight while working on a roof. The Court determined the Industrial Commission's hearing officer had discretion to interpret the OAC provision requiring employers provide certain safeguards around roof openings. The hearing officer found a skylight was not a roof opening as defined by the OAC and did not grant Plaintiff a VSSR award. While the Ohio Supreme Court

6

did not discuss the compensatory aspect of the VSSR, as was discussed in *Kroger*, neither does it overturn, nor even address, the issue of federal OSH Act preemption. Therefore, the Court does not find *Carder* overturns *Kroger*, nor is it instructive on the issue at bar.

Plaintiff further cites to *State ex rel. Mahoney v. Team America 3, Inc*. (2003) 98 Ohio St.3d 532, which held, "[a] VSSR claim is separate and distinct from a workers' compensation claim." Plaintiff contends this evidences the Ohio Supreme Court's ideological shift in favor of finding the VSSR a separate statutory scheme from workers' compensation. Again, there is nothing in the *Mahoney* opinion which expressly reverses the Court's holding in *Kroger*. Furthermore, the issue in *Mahoney* was not federal preemption of the VSSR. In *Mahoney*, the claimant was an employee of a temporary employment agency which provided laborers to a customer company. While working for the customer company claimant was injured when a stone fell on his head from an area above the scaffold he was working on. He brought a workers' compensation claim that was granted against his employer, the temporary agency. He then sought a VSSR award against the company which contracted with the temporary agency for his services. Again, the Ohio Supreme Court held the VSSR was a penalty, but the context for this statement was the evidentiary burden placed on the employer. The *Mahoney* opinion held, "because a VSSR award is a penalty, 'it must be strictly construed, and all reasonable doubts concerning the interpretation of the safety standard are to be construed against its applicability to the employer'." *Id.* at 632 quoting *State ex rel. Burton v. Industrial Commission,* (1989) 46 Ohio St.3d 170, 172. When the Court made the distinction between a workers' compensation claim and a VSSR claim it was not addressing the statutory schemes, rather, it drew the distinction in order to discuss the different evidentiary burdens involved in the claims. The Court drew the

7

distinction because defendant company alleged it was not involved in the underlying workers' compensation claim and claimed a due process violation when the injured worker sought a VSSR award against it. The case is limited to the difference in claims and does not address whether the VSSR is an integral part of the workers' compensation scheme in Ohio.

The United State Supreme Court has also weighed in on this issue. In *Goodyear Atomic Corp. v. Miller, et al.,* 486 U.S. 174 (1988), the Court held, "there is no doubt that the supplemental award provision (VSSR) is an integral part of the Ohio workers' compensation statute. The provision was enacted in 1923 as an amendment to the existing workers' compensation scheme." *Id*. at 185 n. 5. Plaintiff contends the *Goodyear* decision is not relevant to its claims because *Goodyear* did not address, nor was it about, OSH Act preemption. Rather, the issue before the *Goodyear* Court was whether the Industrial Commission could award additional compensation under the VSSR against a federally owned, privately operated, nuclear facility. The Court determined there was federal preemption under a separate federal act, unless Congress clearly exempted a state regulation. The Court found that Congress exempted workers' compensation regulation from Supremacy Clause preemption of federally owned nuclear facilities.

In light of these opinions, the Court finds Plaintiff has failed to demonstrate that Ohio's VSSR scheme itself is not subsumed within the broader workers' compensation scheme and is therefore, not entitled to the federal OSH Act exception to preemption. Because Congress has expressly exempted state workers' compensation schemes from OSH Act preemption, there is no federal preemption and the Supremacy Clause is not offended. Therefore, the Court denies Plaintiff's Motion for Partial Summary Judgment on Claims I & II of its Complaint and grants

8

Defendants' Motion for Summary Judgment on the same. Also, to the extent Plaintiff's Complaint alleges Supremacy Clause and OSH Act preemption in Count III of its Complaint, the Court denies Plaintiff's Motion for Partial Summary Judgment on that issue and grants Defendants' Motion for Summary Judgment.

Issue #2- *Did Defendants violate Plaintiffs' right to due process when it adopted a non-existent standard of conduct requiring the operator of a tow motor, when traveling down a straightaway aisle and whose vision is unobstructed must sound his horn despite the failure of the 29 C.F.R. 1910 to so require? Furthermore, did the Industrial Commission hearing officer usurp the authority reposed in the United States Secretary of Labor?*

Having already determined the OSH Act does not preempt the VSSR, this Court finds Plaintiff's Complaint at Claim III fails as a matter of law since 29 C.F.R. §1910.178 is inapplicable to the VSSR award. Therefore, no due process violation occurred in Defendant hearing officer Nash's determination, as it was not premised on federal OSH Act violation but was premised on an exempted Ohio state regulation.

Therefore, the Court denies Plaintiff's Motion as to Count III and grants Defendants' Motion on the same.

Issue #3- *Did Defendants violate Plaintiff's Due Process rights by applying an "impermissibly vague" regulation that is subject to arbitrary enforcement and "may chill constitutionally protected conduct"?*

Plaintiff contends OAC 4121:1-5-13(C)(7) is impermissibly vague because it "fails to give adequate warning as to what conduct is prohibited". OAC 4121:1-5-13(C)(7) states in pertinent part:

> All motor vehicles operating within the confines of the owner's property shall be equipped with an audible or visual warning device, in an operable condition activated at the operator's station.

In the Record of Proceedings before the Industrial Commission hearing officer, the

9

hearing officer determined there were no visual warning devices on the tow motor and the horn was inoperable.  "If the horn had been in operable condition the injured worker could have been warned of the approach of the towmotor and could have moved out of the way." (Record of Proceedings pg. 2) Plaintiff contends the hearing officer engaged in inappropriate rule-making by extending the OAC's requirement that an operable horn be installed on the towmotor to a legal duty on the part of driver to sound the horn down an unobstructed straightaway.  Plaintiff cites to the federal OSH Act regulation that requires a towmotor driver sound the horn only at cross aisles and where vision is obstructed.  Because Plaintiff did not have adequate warning that such conduct was proscribed, due to the vagueness of the OAC and because such an application may lead to arbitrary enforcement, Plaintiff claims due process is offended.

Defendant contends the OAC regulation is not ambiguous, as it clearly requires an operable horn or visual warning device.  The evidence demonstrated the horn on the towmotor was inoperable at the time of the accident.  Therefore, Defendant argues Plaintiff clearly violated OAC 4121:1-5-13(C)(7), and the hearing officer acted well within her discretion in finding that the violation proximately caused claimant's injury.

"In making a violation of a specific safety requirement (VSSR) award, for purposes of an additional workers' compensation award, the Industrial Commission must determine that a claimant's injury resulted from the employer's failure to comply with the specific safety requirement; this is a factual determination, within the final jurisdiction of the Commission, subject to correction in mandamus only upon a showing of an abuse of discretion." *State ex rel. Taylor v. Indus. Comm.* 150 Ohio App.3d 309, 314 (2002).  This Court does not sit as an appellate court reviewing the facts considered by the  hearing officer to determine whether the

10

hearing officer abused her discretion. Plaintiff has a writ of mandamus remedy in state court to examine whether the hearing officer abused her discretion. Plaintiff has not pursued that remedy.

Substantive due process has been defined as, "the doctrine that governmental deprivation of life, liberty, or property are subject to limitations regardless of the adequacy of the procedures employed." *Pearson v. City of Grand Banc,* 961 F.2d 1211, 1216 (6th Cir. 1992). Furthermore, substantive due process encompasses, "the right not to be subject to arbitrary and capricious action be a state either by legislative or administrative action..." *Id* at 1217. As stated by Defendant, Plaintiff does not assert a constitutional right to an inoperable horn on a towmotor. Nor does Plaintiff assert a fundamental constitutional right under the First Amendment. Its substantive due process challenge is a void-for vagueness challenge. In *Grayned v. City of Rockford,* 408 U.S. 104, 108-109,(1972), Supreme Court established the following standard in void for vagueness cases:

> Vague laws offend several important values. First, because we assume that man is free to steer between lawful and unlawful conduct, we insist that laws give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly. Vague laws may trap the innocent by not providing fair warning. Second, if arbitrary and discriminatory enforcement is to be prevented, laws must provide explicit standards for those who apply them. A vague law impermissibly delegates basic policy matters to policemen, judges, and juries for resolution on an *ad hoc* and subjective basis, with the attendant dangers of arbitrary and discriminatory applications.

In this case the rule could not be clearer. In simple language used by the average citizen, all motor vehicles must be equipped with an operable horn or visual warning device. The hearing officer's decision states, "[i]f the horn had been in operable condition the injured worker could have been warned of the approach of the tow motor and could have moved out of the

11

way." The hearing officer's determination that the lack of an operable horn was the proximate cause of claimant's injury, did not constitute some new rule-making. Rather, it was a logical inference on the issue of proximate cause and not an arbitrarily applied, new, unwritten requirement that the tow motor operator sound his horn in an unobstructed straightaway. This ruling in no way constitutes some vague, additional requirement, but rather is the logical determination that the injury occurred due to the Plaintiff's failure to comply with a safety requirement designed to prevent just such an occurrence.

Therefore, the Court finds Plaintiff's substantive due process rights were not violated and Plaintiff's Motion for Partial Summary Judgment on Claim IV is denied and Defendants' Motion for Summary Judgment on said Claim is granted.

Issue #4 ***Did Defendants violate Plaintiff's procedural due process rights by preventing Plaintiff from confronting and cross-examining physicians on whose unsworn statements the Industrial Commission based its VSSR penalty?***

Plaintiff contends that by using prior "extent of disability"determinations, based on unsworn physician reports in the workers' compensation claim in assessing the VSSR penalty amount, Defendants deprived Plaintiff of its constitutional due process right of confrontation. Ohio Const. Art II, §35 states in pertinent part:

> When it is found, upon hearing, that an injury, disease or death resulted because of such failure by the employer, such amount as shall be found to be just, not greater than fifty nor less than fifteen per centum of the maximum award established by law, shall be added by the board, to the amount of the compensation that may be awarded on account of such injury, disease, or death, and paid in like manner as other awards; and, if such compensation is paid from the state fund, the premium of such employer shall be increased in such amount, covering such period of time as may be fixed, as will recoup the state fund in the amount of such additional award, notwithstanding any and all other provisions in this constitution.

The above quoted section contains the constitutional authority for the VSSR portion of Ohio's

worker's compensation scheme, demonstrating the integration of the VSSR into the overall workers' compensation scheme.

"Procedural due process imposes constraints on governmental decisions which deprive individuals of "liberty" or "property" interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment." *Matthews v. Eldridge*, 424 U.S. 319, 332 (1976). The fundamental requirement of due process is an opportunity to be heard at a meaningful time and in a meaningful manner." *Id.* at 333. "(D)ue process is flexible and calls for such procedural protections as the particular situation demands." *Id.* at 334, citing *Morrissey v. Brewer,* 408 U.S. 471, 481, (1972). In analyzing procedural due process claims courts must consider three factors: "(1)some substantive right -life, liberty or property-must be at stake; (2) some deprivation of that substantive right must occur; and (3) the deprivation must occur without due process. If the process for the deprivation is adequate, then no due process violation has occurred." *Brickner v. Voinovich,* 977 F.2d 235, 237 (6th Cir.1992).

Although a VSSR claim and workers' compensation claim are two "separate and distinct claims"they are both part of the workers' compensation statutory scheme. Art II, §35 of the Ohio Constitution authorizes the VSSR and establishes the parameters of a VSSR award within the workers' compensation statutory scheme of "not greater than fifty nor less than fifteen per centum of the maximum award established by law". That fifteen to fifty percent award is based on the amount of claimant's workers' compensation award.  The workers' compensation award is based (at least with regards to the temporary total disability calculations) on lost wages supported by medical documentation and physician certification that the claimant cannot return to work.

13

Defendant Johnnie Edwards received both temporary total disability and permanent partial disability payments. Edwards was examined by a BWC physician who determined Edwards had nine percent permanent disability.

The Court finds the procedures in the workers' compensation claim adequately protect Plaintiff's due process rights. Although Ohio courts have held there is no due process right to discovery in administrative hearing cases, nor is there a due process right to take depositions, Plaintiff has adequate alternative means to challenge a physicians report in a workers' compensation hearing. See *LTV Steel Co. v. Industrial Commission of Ohio, et al.,* 140 Ohio App.3d 680, 689 (2000). ("An employer may, for example, submit contradictory reports, it may call witnesses to testify at the administrative hearing, and it may highlight problems with the report in oral argument.") *Id.* at 690. As the VSSR is an additional award, it is clear, from the plain language of the Ohio Constitution, that it is dependent upon an original workers' compensation award. Therefore, the fact that Plaintiff cannot confront the physicians in the VSSR hearing does not violate due process when it had alternative means to challenge the physician reports in the workers' compensation hearing. Plaintiff has not asserted it was unable to oppose the physician's reports in the workers' compensation hearing.

Defendants have offered the affidavit testimony of Sally Walters, Supervising Attorney with the Ohio Bureau of Workers' Compensation. She attests there is no record in Johnnie Edwards claim file demonstrating Plaintiffs sought to have Mr. Edwards examined by their own physicians regarding the information set forth by Edwards' attending physician or the workers' compensation physician on Edwards temporary and permanent disability awards; also, no objection was filed to the September 9, 2003 tentative order finding Edwards suffered nine

14

percent permanent disability.

Plaintiff filed a Motion to Strike Walters Affidavit. This Court has denied, in part, the Motion to Strike in a separate opinion. Plaintiff has offered no evidence to show it appealed these decisions, was denied an opportunity to have their own physician's opinion heard at the hearing, or was denied an opportunity to submit contradictory evidence to claimant's physician reports. Therefore, the Court finds due process was not denied, since it appears from the available evidence Plaintiff failed to take advantage of the procedural safeguards set forth in the Ohio workers' compensation scheme.

Therefore, the Court denies Plaintiff's Motion for Partial Summary Judgment and grants Defendants' Motion for Summary Judgment on Plaintiff's claim for procedural due process violation.

Finally, Plaintiff alleges Defendants Nash and the Industrial Commission abused their discretion by imposing a new and previously non-existent occupational safety requirement on Plaintiff without due notice or right to a fair hearing. As this Court has already determined no such new requirement was imposed, the Court grants Defendants' Motion for Summary Judgment on this claim.

Therefore, the Court grants Defendant's Motion for Summary Judgment in its entirety and dismisses Plaintiff's Complaint. The Court denies Plaintiff's Motion for Partial Summary Judgment.

IT IS SO ORDERED.

November 15, 2006          s/Christopher A. Boyko
Date          CHRISTOPHER A. BOYKO
         United States District Judge