UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **AVALON PRECISION CASTING CO.,** | ) | **CASE NO. 1:04CV2292** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| Vs. | ) | |
| | ) | |
| **THE INDUSTRIAL COMMISSION OF** | ) | **ORDER** |
| **OHIO, ET AL.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### CHRISTOPHER A. BOYKO, J:

This matter is before the Court on Plaintiffs' Motion for Default Judgment against Defendant Johnnie Edwards ECF Dkt# 37). For the following reasons, the Court denies the Motion and dismisses Plaintiff's claims against Mr. Edwards.

Plaintiff's Complaint alleges six causes of action against Defendants. These causes of action are premised on the adoption and enforcement of an Ohio administrative code allegedly preempted by the federal OSH Act. The Court, having determined no preemption exists and furthermore, having found no due process violations, granted summary judgment to the state defendants. Therefore, having determined there is no preemption or due process violation, the Court denies default judgment for Plaintiff against non-movant Edwards. Assuming *arguendo*

this Court had found preemption and/or due process violation against the state defendants, Plaintiff has neither alleged, nor offered, evidence that Defendant Edwards was a "state actor" for purposes of finding him liable under 42 U.S.C. §1983 so as to impose monetary damages against him.

"A §1983 claim must satisfy two elements: 1) the deprivation of a right secured by the Constitution or laws of the United States and 2) the deprivation was caused by a person acting under color of state law." *Ellison v. Garbarino,* 48 F.3d 192, 194 (6th Cir.1995) (internal quotation marks and citation omitted). "A plaintiff may not proceed under §1983 against a private party 'no matter how discriminatory or wrongful' the party's conduct.'" *Tahfs v. Proctor,* 316 F.3d 584, 590 (6th Cir. 2003) quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 50 (1999). "A complaint alleging that a private party is liable under § 1983 for conspiracy with a state actor 'must be pled with some degree of specificity.... [V]ague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under 1983.'" *Meros v. Kilbane,* 107 F.3d 12, *2 (6th Cir. 1997) quoting *Gutierrez v. Lynch,* 826 F.2d 1534, 1538 (6th Cir.1987).

Because Plaintiff's Complaint does not allege Defendant Edwards is a state actor, nor does it assert Edwards conspired with a state actor, nor does it allege Edwards had the authority to adopt or enforce allegedly preempted Ohio law, Plaintiff cannot maintain an action against him for unlawful adoption, enforcement, due process violation or abuse of discretion.

IT IS SO ORDERED.

November 15, 2006              s/Christopher A. Boyko
Date                           CHRISTOPHER A. BOYKO
                               United States District Judge