**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **AVALON PRECISION CASTING CO.,** | ) | **CASE NO. 1:04CV2292** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| **Vs.** | ) | |
| | ) | |
| **THE INDUSTRIAL COMMISSION OF** | ) | **ORDER** |
| **OHIO, ET AL.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Plaintiff's Amended Motion for Relief from Judgment (ECF# 48).  For the following reasons, the Court denies Plaintiff's Motion.

On November 18, 2004, Plaintiff filed its Complaint alleging violations of the Supremacy Clause of the United States Constitution, violations of Plaintiff's Due Process rights as guaranteed by the United States Constitution, and an Abuse of Discretion claim. On November 15, 2006, the Court denied Plaintiff's Motion for Partial Summary Judgment and granted Defendants' Motion for Summary Judgment.  On December 1, 2006, Plaintiff filed its Amended Motion for Relief from Judgment, contending the Court made mistakes of law in its ruling of November 15, 2006.

Plaintiff contends the Court made the following mistakes:

1)      In finding the VSSR was part of Ohio's Worker's Compensation scheme, the Court failed

1

to consider that neither the VSSR program nor former Ohio Admin. Code §4121:1-5-13(C)(7) fall within the definition of "workmen's compensation law" as defined by Congress or fall within Ohio's current definition of the same.  Nor does the VSSR or former Ohio Admin. Code §4121:1-5-13(C)(7) fall within the exceptions found in 29 U.S.C. §653(b)(4).

2)  "In Deciding the Due Process Issue Raised in Count Five of Avalon's Complaint, this Court Mistakenly Applied Ohio's Legal Concept that Parties to Workers' Compensation Are Not Entitled to Confront or Cross-Examine the Sources of Medical Evidence Offered Against them, Instead of Applying the Federal Requirement that Such Rights Must be Afforded."

Defendants contend Plaintiff has offered no new case precedent, or new legal or factual development warranting relief from judgment under Fed. R. Civ. P 60(b) and ignores clear Ohio, Sixth Circuit and United States Supreme Court precedent that the VSSR is an integral part of the Ohio Worker's Compensation scheme.

**STANDARD OF REVIEW**

Fed. R. Civ. P. 60(b) authorizes the trial court to relieve a party from a final judgment for a number of reasons, including:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

2

Yet, in order to obtain relief, a party "must show the applicability of the rule" and "must establish that the facts of its case are within one of the enumerated reasons contained in Rule 60(b) that warrant relief from judgment." *Jinks v. Alliedsignal, Inc.,* 250 F. 3d 381, 385 (6th Cir. 2001); *Lewis v. Alexander*, 987 F. 2d 392, 396 (6th Cir. 1993). Further, "Rule 60(b) does not allow a defeated litigant a second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories, or proof. *See Couch v. Travelers Ins. Co.*, 551 F. 2d 958, 959 (5th Cir. 1977) (quoting 11 Wright & Miller, *Federal Practice and Procedure* § 2858)." *Jinks, supra* at 385.

Plaintiff's Amended Motion seeks relief from judgment under Fed. R. Civ. P. 60(b)(1). Plaintiff contends this Court's Opinion and Order of November 15, 2006, granting summary judgment in favor of Defendants and subsequent judgment entry of November 16, 2006 were premised upon a mistake. The Sixth Circuit has held Rule 60(b)(1), "is intended to provide relief to a party in only two instances: (1) when the party has made an excusable litigation mistake or an attorney in the litigation has acted without authority; or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order." *Cacevic v. City of Hazel Park,* 226 F.3d 483, 490 (6th Cir.2000). Under Rule 60(b), the party seeking the relief from final judgment bears the burden of proving the applicability of the rule. *Jinks at* 385.

## **ANALYSIS**

Plaintiff contends this Court erroneously phrased the central issue in its claims against defendants when it stated the issue as, " **Is *Ohio's VSSR a separate statutory scheme from its Workers' Compensation scheme and therefore, preempted by the Federal OSH Act?***" Plaintiff

3

contends the VSSR "is not set forth in any statutory scheme at all: but, rather, is wholly predicated upon that part of Article II, Section 35 of the Ohio Constitution which addresses that topic, independent of any enabling statutory enactment which implements or controls the violation determination or penalty assessment process to which Avalon's complaint is addressed."  While Plaintiff correctly points out the authority of the VSSR comes from the 1923 Amendment to Art. II, Section 35 of the Ohio Constitution, Plaintiff ignores the plain holding of the United States Supreme Court in *Goodyear Atomic Corp. v. Miller, et al.,* 486 U.S. 174 (1988), cited by this Court in its Opinion.  The Supreme Court held, "there is no doubt that the supplemental award provision (VSSR) is an integral part of the Ohio workers' compensation statute. The provision was enacted in 1923 as an amendment to the existing workers' compensation scheme." *Id*. at 185 n. 5.  *Goodyear* presents a binding precedent for this Court to apply to the facts before it.

Plaintiff further contends Ohio's VSSR program was not within the meaning of the term "workmen's compensation law" as contemplated by Congress when it enacted the OSH Act in general and  29 U.S.C. 653(b)(4) in particular.  Plaintiff argues this Court failed to regard Congress's definition of "workmen's compensation" found in 29 U.S.C. 653(b)(4), but rather, considered Ohio's allegedly conflicting definition of the same.  Plaintiff contends this failure to analyze under the Congressional definition constitutes a mistake warranting relief.

The Court finds that it did consider 29 U.S.C. 653(b)(4), expressly finding it excluded from federal preemption workmen's compensation law.  The Court determined the Ohio and United States Supreme Courts have both held the VSSR to be an "integral part" of Ohio's workers compensation law. Therefore, in light of clear and binding precedent, this Court finds

4

Plaintiff is not entitled to relief under Fed. R. Civ. P. 60 on its claims that the VSSR does not fall within Congress's definition of workmen's compensation law in 29 U.S.C. 653(b)(4) or other exceptions contained therein.

Plaintiff also contends the VSSR program does not fall within Ohio's current definition of workmen's compensation law.  Having discussed at length the Court's reasoning in applying Ohio Supreme Court holdings in finding the VSSR part of Ohio's workmen's compensation program, the Court declines the invitation to revisit its analysis.  The Court thoroughly examined the Ohio cases presented by Plaintiff and finds no mistake in its reasoning or decision.

Plaintiff further contends the Court "mistakenly applied Ohio's legal concept that parties to a workers compensation proceeding are not entitled to confront or cross-examine the sources of medical evidence offered against them instead of applying the federal requirement that such rights must be afforded."

The Court's opinion and order of November 11, 2006, analyzed Plaintiff's claim of due process violation under the standard set forth in *Brickner v. Voinovich*, 977 F.2d 235, 237 (6th Cir. 1992).  The Court determined that under the federal standard as set forth in *Brickner*, "the procedures in the workers' compensation claim adequately protect Plaintiff's due process rights."
(Opinion pg. 14).  The Court referred to Ohio case law to demonstrate the protections afforded parties in Ohio workers compensation administrative hearings.

For a state administrative proceeding to satisfy federal due process, the Sixth Circuit and United States Supreme Court have held, "[i]n general, 'something less' than a full evidentiary hearing is sufficient prior to adverse administrative action." *Cleveland Bd. of Educ. v.*

*Loudermill,* 470 U.S. 532, 545 (1985) (quoting *Mathews v. Eldridge,* 424 U.S. 319 (1976)).  Not only has Plaintiff failed to demonstrate that the administrative proceedings fail to protect Plaintiff's due process rights so as to warrant relief under the United States Consitution, but also, Plaintiff failed to avail itself of the further protections afforded on appeal of an adverse workers compensation decision.  Therefore, Plaintiff has failed to meet its burden under federal law demonstrating denial of due process rights in an administrative proceeding.

Finally, as a subargument to its due process claim, Plaintiff contends Defendants violated Plaintiff's due process rights by using the underlying worker's compensation award as a basis for the calculation of the VSSR assessment even though Plaintiff did not have the opportunity to confront or cross-examine the medical witnesses in the underlying workers compensation proceedings.  Plaintiff alleges "due process precludes collateral estoppel from being applied where, "the party against whom the earlier decision is asserted did not have 'a full and fair opportunity' to litigate the claim or issue."  Citing *Kremer v. Chemical Construction Co.*, 456 U.S. 461, 480-483 (1982).  However, having determined that Plaintiff has failed to demonstrate it did not have a full and fair opportunity to present its claims in satisfaction of federal due process in its administrative proceedings, Plaintiff's collateral estoppel argument fails as well.

Therefore, in light of the foregoing analysis, the Court denies Plaintiff's Amended Motion for Relief from Judgment.

IT IS SO ORDERED.


<u>August 15, 2007</u>                                   _s/Christopher A. Boyko____
Date                                                              CHRISTOPHER A. BOYKO
                                                                    United States District Judge

6